ESTATE OF BAGNALL: LINDMAN, Appellant, vs. FIRST
   WISCONSIN TRUST COMPANY, Executor, and others,
   Respondents.

*January 9—February 7, 1928.*

*Executors: Claims against estates: Services rendered: Necessity of
showing contract.*

A claim against an estate for services rendered up to the time of
   decedent's death is *held* to have been properly disallowed in
   the absence of proof establishing the fact that the deceased
   made any contract with the claimant to that effect.

APPEAL from a judgment of the county court of Milwau-
kee county: JOHN C. KAREL, Judge. *Affirmed.*

On the 12th day of July, 1926, *Raymond W. Lindman*
filed a claim for $10,000 against the estate of Benjamin
Bagnall. This appeal was taken from a judgment dated the
25th day of May, 1927, disallowing the claim.

For the appellant there was a brief by *Wehe & Landry,*
attorneys, and *Walter D. Corrigan, Sr.,* of counsel, all of
Milwaukee, and oral argument by *Mr. Corrigan.*

*Raymond T. Zillmer* of Milwaukee, attorney for the
estate.

STEVENS, J. The claim was properly disallowed because
the proof failed to establish the fact that the deceased made
a contract with the claimant that he should be paid $10,000
for services rendered up to the time of the death of the
decedent. This is not a case where recovery can be based
on the proof of an expression of intention to provide for a
claimant in a will where proof of such intention is re-
ceived to rebut the presumption that services performed
by one living in the family of the deceased were gratuitous.
This is a case where recovery must be based on the proof of
an express contract to pay the sum claimed. The evidence
amply sustains the finding of the trial court that the state-
ments of the deceased relied upon by the claimant "were

merely statements of intention, and did not constitute an agreement or contract to devise or bequeath" the sum of $10,000 to the claimant.

The fact that deceased supplied claimant with room and board and paid him approximately $8,000 in cash for the services rendered by him as a handy man about the deceased's home for a period of ten years beginning when claimant was thirteen or fourteen years of age supports the finding that the claimant has been paid in full for services rendered by him.

*By the Court.*—Judgment affirmed.